**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| SMARTER AGENT, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-01172-ADA |
| | § | |
| REDFIN CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant/Counterclaimant Redfin Corporation ("**Redfin**") files its Answer, Affirmative Defenses, and Counterclaims to Plaintiff/Counterclaim-Defendant Smarter Agent, LLC's ("**Plaintiff**") (hereafter, Redfin and Plaintiff are referred to collectively as the "**Parties**") Complaint for Patent Infringement ("**Complaint**") (D.E. 1) and unless expressly admitted in the following paragraphs, denies any and all allegations in the Complaint, express or implied.

**[ALLEGED] NATURE OF THIS ACTION**

1. Redfin admits Plaintiff seeks to recover compensation from Redfin for alleged patent infringement by bringing the above-styled action ("**Action**"). Redfin denies any and all remaining allegations in Paragraph 1 of the Complaint, including allegations that Redfin has infringed any patents and that Plaintiff is entitled to any compensation from Redfin.

2. Redfin denies that Plaintiff invented any patentable inventions purportedly claimed in any patents Plaintiff asserts in this Action ("**Patents-in-Suit**"). Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 2 of the Complaint and thus denies them.

1

3.      Redfin lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations in Paragraph 3 of the Complaint and thus denies them.

4.      Redfin lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations in Paragraph 4 of the Complaint and thus denies them.

5.      Redfin lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations in Paragraph 5 of the Complaint and thus denies them.

6.      Redfin lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations in Paragraph 6 of the Complaint and thus denies them.

## [ALLEGED] PARTIES

7.      Redfin lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations in Paragraph 7 of the Complaint and thus denies them.

8.      Redfin admits it is a Delaware corporation, and that it maintains regular places of business in this District, including a brokerage office at 300 E. Sonterra Blvd., Ste. 1275, San Antonio, TX 78258, and that National Registered Agents, Inc., 1990 Bryan St., Ste. 900, Dallas, TX 75201 is Redfin's registered agent for service of process in Texas.  Redfin denies any and all remaining allegations in Paragraph 8 of the Complaint.

## [ALLEGED] JURISDICTION AND VENUE

9.      Redfin admits the Complaint alleges patent infringement under U.S. Patent Law, 35 U.S.C. § 1, *et seq*. and that this Court has subject matter jurisdiction over this Action under 28 U.S.C. §§ 1331 & 1338(a).  Redfin denies any and all remaining allegations in Paragraph 9 of the Complaint.

10.     Redfin admits it maintains one or more regular places of business in this District and does not contest that venue may lie in this District for this Action, but denies that venue in this District serves either the convenience of the Parties and witnesses or the interests of justice within

the meaning of 28 U.S.C. § 1404(a).  Redfin also denies any and all remaining allegations in Paragraph 10 of the Complaint, including allegations that Redfin has infringed any of Plaintiff's patents, either in this District or elsewhere.

11.     Redfin admits it conducts business in this District and does not contest personal jurisdiction in this Action.  Redfin denies any and all remaining allegations in Paragraph 11 of the Complaint, including the allegations that Redfin has infringed any of Plaintiff's patents, either in this District or elsewhere.

### THE [ALLEGED] PATENTS-IN-SUIT

12.     Redfin admits U.S. Pat. App. No. 10/644,060 (the "'**060 Application**") was filed on August 20, 2003 and that U.S. Pat. No. 7,457,628 (the "'**628 Patent**"), entitled "System and Method for Providing Information Based on Geographic Position," issued therefrom on November 25, 2008, but denies that the '628 Patent was duly and lawfully issued.  Redfin is without knowledge or information sufficient to form a belief about the truth of all remaining allegations in Paragraph 12 of the Complaint and thus denies them.

13.     Redfin admits USPTO Reel/Frame Nos. 020018/0796 and 020024/0532 indicate, respectively, that Messrs. Eric and Brad Blumberg (collectively, the "**Named Inventors**") purported to assign the '628 Patent to Smarter Agent, Inc. and Smarter Agent, Inc. purported to assign the '628 Patent to Plaintiff.  Redfin denies that the '628 Patent is either valid or enforceable. Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 13 of the Complaint and thus denies them.

14.     Redfin admits Plaintiff purports to own the '628 Patent.  Redfin denies ever infringing any of Plaintiff's patents, including the '628 Patent, and denies that Plaintiff is entitled to any relief from Redfin, including for any alleged past, present, or future damages.  Redfin lacks

knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 14 of the Complaint and thus denies them.

15.     Redfin admits a purported copy of the '628 Patent is attached to the Complaint as **Exhibit A** and denies any and all remaining allegations in Paragraph 15 of the Complaint, including allegations that the '628 Patent is either valid or enforceable.

16.     Redfin admits U.S. Pat. App. No. 12/275,683 (the '**683 Application**") was filed on November 21, 2008 and that U.S. Pat. No. 8,442,550 (the "**'550 Patent**"), entitled "System and Method for Providing Information Based on Geographic Position," issued therefrom on May 14, 2013, but denies that the '550 Patent was duly and lawfully issued.  Redfin is without knowledge or information sufficient to form a belief about the truth of all remaining allegations in Paragraph 16 of the Complaint and thus denies them.

17.     Redfin admits USPTO Reel/Frame Nos. 030214/0067 and 030214/0062 indicate, respectively, that the Named Inventors purported to assign the '550 Patent to Smarter Agent, Inc. and Smarter Agent, Inc. purported to assign the '550 Patent to Plaintiff.  Redfin denies that the '550 Patent is either valid or enforceable.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 17 of the Complaint and thus denies them.

18.     Redfin admits Plaintiff purports to own the '550 Patent.  Redfin denies ever infringing any of Plaintiff's patents, including the '550 Patent, and denies that Plaintiff is entitled to any relief from Redfin, including for any alleged past, present, or future damages.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 18 of the Complaint and thus denies them.

19.     Redfin admits a purported copy of the '550 Patent is attached to the Complaint as **Exhibit B** and denies any and all remaining allegations in Paragraph 19 of the Complaint, including the allegations that the '550 Patent is either valid or enforceable.

20.     Redfin admits U.S. Pat. App. No. 14/266,144 (the '**144 Application**") was filed on April 30, 2014 and that U.S. Pat. No. 9,183,584 (the "**'584 Patent**"), entitled "System and Method for Providing Information Based on Geographic Position," issued therefrom on November 10, 2015, but denies that the '584 Patent was duly and lawfully issued.  Redfin is without knowledge or information sufficient to form a belief about the truth of all remaining allegations in Paragraph 20 of the Complaint and thus denies them.

21.     Redfin admits USPTO Reel/Frame Nos. 033524/0135 and 033524/0143 indicate, respectively, that the Named Inventors purported to assign the '584 Patent to Smarter Agent, Inc. and Smarter Agent, Inc. purported to assign the '584 Patent to Plaintiff.  Redfin denies that the '584 Patent is either valid or enforceable.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 21 of the Complaint and thus denies them.

22.     Redfin admits Plaintiff purports to own the '584 Patent.  Redfin denies ever infringing any of Plaintiff's patents, including the '584 Patent, and denies that Plaintiff is entitled to any relief from Redfin, including for any alleged past, present, or future damages.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 22 of the Complaint and thus denies them.

23.     Redfin admits a purported copy of the '584 Patent is attached to the Complaint as **Exhibit C** and denies any and all remaining allegations in Paragraph 23 of the Complaint, including the allegations that the '584 Patent is either valid or enforceable.

24.      Redfin admits U.S. Pat. App. No. 14/922,428 (the "**428 Application**") was filed on October 26, 2015 and that U.S. Pat. No. 9,754,317 (the "'**317 Patent**"), entitled "System and Method for Providing Information Based on Geographic Position," issued therefrom on September 5, 2017, but denies that the '317 Patent was duly and lawfully issued.  Redfin is without knowledge or information sufficient to form a belief about the truth of all remaining allegations in Paragraph 24 of the Complaint and thus denies them.

25.      Redfin admits USPTO Reel/Frame Nos. 036883/0583 and 036883/0588 indicate, respectively, that the Named Inventors purported to assign the '317 Patent to Smarter Agent, Inc. and Smarter Agent, Inc. purported to assign the '317 Patent to Plaintiff.  Redfin denies that the '317 Patent is either valid or enforceable.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 25 of the Complaint and thus denies them.

26.      Redfin admits Plaintiff purports to own the '317 Patent.  Redfin denies ever infringing any of Plaintiff's patents, including the '317 Patent, and denies that Plaintiff is entitled to any relief from Redfin, including for any alleged past, present, or future damages.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 26 of the Complaint and thus denies them.

27.      Redfin admits a purported copy of the '317 Patent is attached to the Complaint as **Exhibit D** and denies any and all remaining allegations in Paragraph 27 of the Complaint, including the allegations that the '317 Patent is either valid or enforceable.

28.      Redfin admits U.S. Pat. App. No. 13/592,411 (the '**411 Application**") was filed on August 23, 2012 and that U.S. Pat. No. 9,002,371 (the "'**371 Patent**"), entitled "Position-Based Information Access Device and Method of Searching," issued therefrom on April 7, 2015, but

denies that the '371 Patent was duly and lawfully issued.  Redfin is without knowledge or information sufficient to form a belief about the truth of all remaining allegations in Paragraph 28 of the Complaint and thus denies them.

29.     Redfin admits USPTO Reel/Frame Nos. 030876/0694 and 030876/0729 indicate, respectively, that the Named Inventors purported to assign the '371 Patent to Smarter Agent, Inc. and Smarter Agent, Inc. purported to assign the '371 Patent to Plaintiff.  Redfin denies that the '371 Patent is either valid or enforceable.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 29 of the Complaint and thus denies them.

30.     Redfin admits Plaintiff purports to own the '371 Patent.  Redfin denies ever infringing any of Plaintiff's patents, including the '371 Patent, and denies that Plaintiff is entitled to any relief from Redfin, including for any alleged past, present, or future damages.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 30 of the Complaint and thus denies them.

31.     Redfin admits a purported copy of the '371 Patent is attached to the Complaint as **Exhibit E** and denies any and all remaining allegations in Paragraph 31 of the Complaint, including the allegations that the '371 Patent is either valid or enforceable.

32.     Redfin admits U.S. Pat. App. No. 14/665,444 (the '**444 Application**") was filed on March 23, 2015 and that U.S. Pat. No. 9,754,333 (the "'**333 Patent**"), entitled "Position-Based Information Access Device and Method of Searching," issued therefrom on September 5, 2017, but denies that the '333 Patent was duly and lawfully issued.  Redfin is without knowledge or information sufficient to form a belief about the truth of all remaining allegations in Paragraph 32 of the Complaint and thus denies them.

33.     Redfin admits USPTO Reel/Frame Nos. 042181/0430 and 042181/0472 indicate, respectively, that the Named Inventors purported to assign the '333 Patent to Smarter Agent, Inc. and Smarter Agent, Inc. purported to assign the '333 Patent to Plaintiff.  Redfin denies that the '333 Patent is either valid or enforceable.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 33 of the Complaint and thus denies them.

34.     Redfin admits Plaintiff purports to own the '333 Patent.  Redfin denies ever infringing any of Plaintiff's patents, including the '333 Patent, and denies that Plaintiff is entitled to any relief from Redfin, including for any alleged past, present, or future damages.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 34 of the Complaint and thus denies them.

35.     Redfin admits a purported copy of the '333 Patent is attached to the Complaint as **Exhibit F** and denies any and all remaining allegations in Paragraph 35 of the Complaint, including the allegations that the '333 Patent is either valid or enforceable.

36.     Redfin admits U.S. Pat. App. No. 11/249,733 (the '**733 Application**") was filed on October 14, 2005 and that U.S. Pat. No. 7,599,795 (the "**'795 Patent**"), entitled "Mobile Location Aware Search Engine and Method of Providing Content for Same," issued therefrom on October 6, 2009, but denies that the '795 Patent was duly and lawfully issued.  Redfin is without knowledge or information sufficient to form a belief about the truth of all remaining allegations in Paragraph 36 of the Complaint and thus denies them.

37.     Redfin admits USPTO Reel/Frame Nos. 020018/0796 and 020024/0532 indicate, respectively, that the Named Inventors purported to assign the '795 Patent to Smarter Agent, Inc. and Smarter Agent, Inc. purported to assign the '795 Patent to Plaintiff.  Redfin denies that the

'795 Patent is either valid or enforceable.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 37 of the Complaint and thus denies them.

38.     Redfin admits Plaintiff purports to own the '795 Patent.  Redfin denies ever infringing any of Plaintiff's patents, including the '795 Patent, and denies that Plaintiff is entitled to any relief from Redfin, including for any alleged past, present, or future damages.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 38 of the Complaint and thus denies them.

39.     Redfin admits a purported copy of the '795 Patent is attached to the Complaint as **Exhibit G** and denies any and all remaining allegations in Paragraph 39 of the Complaint, including the allegations that the '795 Patent is either valid or enforceable.

40.     Redfin admits U.S. Pat. App. No. 12/573,537 (the '**537 Application**") was filed on October 5, 2009 and that U.S. Pat. No. 8,473,199 (the "'**199 Patent**"), entitled "Mobile Location Aware Search Engine and Method of Providing Content for Same," issued therefrom on June 25, 2013, but denies that the '199 Patent was duly and lawfully issued.  Redfin is without knowledge or information sufficient to form a belief about the truth of all remaining allegations in Paragraph 40 of the Complaint and thus denies them.

41.     Redfin admits USPTO Reel/Frame Nos. 029166/0526 and 029166/0554 indicate, respectively, that the Named Inventors purported to assign the '199 Patent to Smarter Agent, Inc. and Smarter Agent, Inc. purported to assign the '199 Patent to Plaintiff.  Redfin denies that the '199 Patent is either valid or enforceable.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 41 of the Complaint and thus denies them.

42.     Redfin admits Plaintiff purports to own the '199 Patent.   Redfin denies ever infringing any of Plaintiff's patents, including the '199 Patent, and denies that Plaintiff is entitled to any relief from Redfin, including for any alleged past, present, or future damages.   Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 42 of the Complaint and thus denies them.

43.     Redfin admits a purported copy of the '199 Patent is attached to the Complaint as **Exhibit H** and denies any and all remaining allegations in Paragraph 43 of the Complaint, including the allegations that the '199 Patent is either valid or enforceable.

44.     Redfin lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations in Paragraph 44 of the Complaint and thus denies them.

45.     Redfin lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations in Paragraph 45 of the Complaint and thus denies them.

46.     Redfin lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations in Paragraph 46 of the Complaint and thus denies them.

50.     Redfin admits that Paragraph 50 of the Complaint collectively refers to the '628, '550, '584, '317, '371, '333, '795, and '199 Patents as the "Patents-in-Suit."[1]

51.     Redfin denies any and all allegations in Paragraph 51.

52.     Redfin denies any and all allegations in Paragraph 52.

---

[1] The Complaint's paragraph numbering skips from 46 to 50.  (*See* D.E. 1 ¶¶ 46–50.)

## THE [ALLEGED] SMARTER AGENT INVENTIONS[2]

53.     Redfin denies that any Patent-in-Suit covers any inventive and/or innovative subject matter patentable under 35 U.S.C. § 1, *et seq*.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 53 of the Complaint and thus denies them.

54.     Redfin admits that Paragraph 54 of the Complaint purports to have exemplary citations to the '628 Patent, which is the earliest-issued of the Patents-in-Suit.  Redfin denies that any Patents-in-Suit taught any patentable systems or methods.  Redfin also denies that any Patent-in-Suit covers any inventive and/or innovative subject matter patentable under 35 U.S.C. § 1, *et seq*.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 54 of the Complaint and thus denies them.

55.     Redfin admits that the Patents-in-Suit purport to claim alleged inventions and that Paragraph 55 of the Complaint purports to quote from unspecified claims within these patents.  Redfin denies that any Patents-in-Suit cover any patentable inventions or innovations and that any claims in the Patents-in-Suit are directed to patent-eligible subject matter.  Redfin further denies that any purported inventions claimed by any Patents-in-Suit are centered on or directed to any technical components.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 55 of the Complaint and thus denies them.

56.     Redfin lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations in Paragraph 56 of the Complaint and thus denies them.

---

[2] To the extent the Complaint's heading, "THE SMARTER AGENT INVENTIONS," is an allegation, Redfin denies that either Plaintiff and/or the Named Inventors invented any patent-eligible and/or otherwise patentable inventions claimed in any Patents-in-Suit.

57.     Redfin lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations in Paragraph 57 of the Complaint and thus denies them.

### THE CLAIMS OF THE PATENTS-IN-SUIT [ALLEGEDLY] ARE NOT DRAWN TO ABSTRACT IDEAS[3]

58.     Redfin admits the '371, '584, '317, and '333 Patents issued after the U.S. Supreme Court's decision in *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014) and that the '317 Patent's prosecution history contains correspondence between the applicant and examiner regarding 35 U.S.C. § 101.  Redfin denies that such correspondence concerned *Alice* in any way and that the '428 Application examiner made any determinations regarding *Alice* that are applicable to all Patents-in-Suit.  Redfin also denies that any claims from the Patents-in-Suit are, under the post-*Alice* standard, drawn to patent-eligible subject matter and that any Patents-in-Suit were duly and lawfully issued.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 58 of the Complaint and thus denies them.

59.     Redfin admits that claims from the Patents-in-Suit refer to generic elements and/or functions, such as an "'information system'" and the "management" thereof, "a user device . . . located via geolocation," "hardware," and "network communications" and that some claims refer to "user interface functionalit[ies]" involving "icons" and "menus," which are also generic elements and/or functions.  Redfin denies any and all remaining allegations in Paragraph 59 of the Complaint, including allegations that claims from the Patents-in-Suit are directed to any network-architecture and/or technical features and that any Patents-in-Suit involve technical solutions that render any purported subject matter therein patent eligible or otherwise patentable.

---

[3] To the extent the Complaint's heading, "THE CLAIMS OF THE PATENTS-IN-SUIT ARE NOT DRAWN TO ASBTRACT IDEAS," is an allegation, Redfin denies that any Patent-in-Suit claims patent-eligible and/or otherwise patentable subject matter.

60.     Redfin admits that Paragraph 60 of the Complaint cites to portions of the '628 Patent's specification that contain the corresponding language quoted in Paragraph 60.  Redfin denies any and all remaining allegations in Paragraph 60 of the Complaint, including allegations that the Patents-in-Suit cover any patentable improvements over the prior art and/or are drawn to any patentable systems or methods.

61.     Redfin admits that Paragraph 61 of the Complaint cites to portions of the '628 Patent's specification that contain the corresponding language quoted in Paragraph 61.  Redfin denies any and all remaining allegations in Paragraph 61 of the Complaint, including allegations that the mere inclusion of generic technical elements renders the subject matter of Plaintiff's purported invention not abstract and/or otherwise patentable.

62.     Redfin admits that Paragraph 62 of the Complaint cites to portions of the '628 Patent's specification that contain the corresponding language quoted in Paragraph 62.  Redfin denies that any Patents-in-Suit are directed to an improved network.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 62 of the Complaint and thus denies them.

63.     Redfin admits that the Patents-in-Suit reference the use of location-based information.  Redfin denies any and all remaining allegations in Paragraph 63 of the Complaint.

64.     Redfin denies any and all allegations in Paragraph 64 of the Complaint.

65.     Redfin denies any and all allegations in Paragraph 65 of the Complaint.

66.     Redfin denies any and all allegations in Paragraph 66 of the Complaint.

67.     Redfin lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations in Paragraph 67 of the Complaint regarding the Named Inventors' states of mind and thus denies these allegations.  Redfin also denies any and all remaining allegations in

Paragraph 67 of the Complaint, including allegations that the Named Inventors developed and/or that the Patents-in-Suit are directed to patent-eligible and/or otherwise patentable technical improvements.

68.     Redfin denies any and all allegations in Paragraph 68 of the Complaint, including allegations that the Patents-in-Suit are directed to patent-eligible and/or otherwise patentable network-security improvements.

69.     Redfin denies any and all allegations in Paragraph 69 of the Complaint, including allegations that the Patents-in-Suit are directed to patent-eligible and/or otherwise patentable improvements in computer-network functionalities.

70.     Redfin denies any and all allegations in Paragraph 70 of the Complaint, including allegations that the Patents-in-Suit are not patent-eligible and/or otherwise patentable.

**THE PATENTS-IN-SUIT [ALLEGEDLY] CONTAIN INVENTIVE CONCEPTS[4]**

71.     Redfin admits that in alleging the Patents-in-Suit contain inventive concepts, the Complaint purports to rely on and incorporate the Declaration of Dr. Ryan Garlick ("**Garlick Decl.**").[5]  Redfin lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations in Paragraph 71 of the Complaint regarding Dr. Garlick, including his purported expertise and thus denies these allegations.  Redfin also denies any and all remaining allegations

---

[4] To the extent the Complaint's heading, "THE PATENTS-IN-SUIT CONTAIN INVENTIVE CONCEPTS," is an allegation, Redfin denies that any Patents-in-Suit cover subject matter that renders any purported inventions claimed therein patent-eligible and/or otherwise patentable.

[5] Unless expressly admitted in the instant Answer, Affirmative Defenses, and Counterclaims, Redfin denies any allegations, express or implied, in Dr. Garlick's declaration, including those that contravene any of Redfin's pleadings.

in Paragraph 71 of the Complaint, including allegations that any Patents-in-Suit contain inventive concepts that are patent-eligible and/or otherwise patentable.

72.     Redfin denies that the Named Inventors either conceived of or developed any patentable inventions claimed in any Patents-in-Suit and also denies that any Patents-in-Suit cover any patent-eligible and/or otherwise patentable combination of elements.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 72 of the Complaint and thus denies them.

73.     Redfin denies that any Patents-in-Suit cover any innovative or novel combination of elements that is patent-eligible and/or otherwise patentable.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 73 of the Complaint and thus denies them.

74.     Redfin denies that any Patents-in-Suit cover any innovative or novel combination of elements that is patent-eligible and/or otherwise patentable.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 74 of the Complaint and thus denies them.

75.     Redfin admits that claims in the Patents-in-Suit refer to generic technological components, *e.g.*, an information system, geolocation technology, and a mobile device with a user interface.  Redfin denies any and all remaining allegations in Paragraph 75 of the Complaint.

76.     Redfin denies any and all allegations in Paragraph 76 of the Complaint.

77.     Redfin denies that the Named Inventors either conceived of or developed any patent-eligible and/or otherwise patentable subject matter claimed in any Patents-in-Suit and also denies that any Patents-in-Suit cover an innovative or novel combination of elements that is patent-eligible and/or otherwise patentable.  Redfin lacks knowledge or information sufficient to form a

belief as to the truth of all remaining allegations in Paragraph 77 of the Complaint and thus denies them.

78.     Redfin lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations in Paragraph 78 of the Complaint regarding the Named Inventors' states of mind, and thus denies these allegations.  Redfin also denies any and all remaining allegations in Paragraph 78 of the Complaint.

79.     Redfin lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations in Paragraph 79 of the Complaint regarding the Named Inventors' states of mind, and thus denies these allegations.  Redfin also denies any and all remaining allegations in Paragraph 79 of the Complaint.

80.     Redfin admits that certain claims from the Patents-in-Suit are directed to non-patentable subject matter, such as crowdsourcing user reviews through generic elements like "mobile electronic devices" and "databases."  Redfin denies any and all remaining allegations in Paragraph 80 of the Complaint.

81.     Redfin admits Paragraph 81 of the Complaint recites language from Claim 1 of the '317 Patent.  Redfin denies any and all remaining allegations in Paragraph 81 of the Complaint.

82.     Redfin admits Paragraph 82 of the Complaint recites language from Claim 1 of the '317 Patent.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations in Paragraph 82 of the Complaint regarding the Named Inventors' states of mind, and thus denies these allegations.  Redfin also denies any and all remaining allegations in Paragraph 82 of the Complaint.

83.     Redfin admits Claim 1 of the '317 Patent references "a database . . . configured to be dynamically updated to associate information related . . . to a geographic location defined within [a] base grid."  Redfin denies any and all remaining allegations in Paragraph 83 of the Complaint.

84.     Redfin admits Paragraph 84 of the Complaint recites language from Claim 1 of the '317 Patent.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of any and all allegations in Paragraph 84 of the Complaint regarding the Named Inventors' states of mind, and thus denies these allegations.  Redfin also denies any and all remaining allegations in Paragraph 84 of the Complaint.

85.     Redfin denies that any Patents-in-Suit cover any innovative, patent-eligible, and/or otherwise patentable subject matter.  Redfin lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 85 of the Complaint and thus denies them.

86.     Redfin denies any and all allegations in Paragraph 86 of the Complaint.

87.     Redfin denies any and all allegations in Paragraph 87 of the Complaint.

## COUNT I: [ALLEGED] INFRINGEMENT OF THE '628 PATENT

88.     Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

89.     Redfin admits that the '628 Patent purports to have 21 claims and denies any and all remaining allegations in Paragraph 89 of the Complaint.

90.     Redfin denies any and all allegations in Paragraph 90 of the Complaint.

91.     Redfin denies any and all allegations in Paragraph 91 of the Complaint.

92.     Redfin admits Plaintiff alleges it is only asserting method claims for the '628 Patent.  Redfin denies any and all remaining allegations in Paragraph 92 of the Complaint.

93.     Redfin denies any and all allegations in Paragraph 93 of the Complaint.

94.     Redfin denies any and all allegations in Paragraph 94 of the Complaint.

**COUNT II: [ALLEGED] INFRINGEMENT OF THE '550 PATENT**

95.     Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

96.     Redfin admits that the '550 Patent purports to have 14 claims and denies any and all remaining allegations in Paragraph 96 of the Complaint.

97.     Redfin denies any and all allegations in Paragraph 97 of the Complaint.

98.     Redfin denies any and all allegations in Paragraph 98 of the Complaint.

99.     Redfin admits Plaintiff alleges it is only asserting method claims for the '550 Patent.  Redfin denies any and all remaining allegations in Paragraph 99 of the Complaint.

100.     Redfin denies any and all allegations in Paragraph 100 of the Complaint.

101.     Redfin denies any and all allegations in Paragraph 101 of the Complaint.

**COUNT III: [ALLEGED] INFRINGEMENT OF THE '584 PATENT**

102.     Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

103.     Redfin admits that the '584 Patent purports to have 16 claims and denies any and all remaining allegations in Paragraph 103 of the Complaint.

104.     Redfin denies any and all allegations in Paragraph 104 of the Complaint.

105.     Redfin denies any and all allegations in Paragraph 105 of the Complaint.

106.     Redfin admits Plaintiff alleges it is only asserting method claims for the '584 Patent.  Redfin denies any and all remaining allegations in Paragraph 106 of the Complaint.

107.     Redfin denies any and all allegations in Paragraph 107 of the Complaint.

108.     Redfin denies any and all allegations in Paragraph 108 of the Complaint.

**COUNT IV: [ALLEGED] INFRINGEMENT OF THE '317 PATENT**

109.     Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

110.     Redfin admits that the '317 Patent purports to have 20 claims and denies any and all remaining allegations in Paragraph 110 of the Complaint.

111.     Redfin denies any and all allegations in Paragraph 111 of the Complaint.

112.     Redfin denies any and all allegations in Paragraph 112 of the Complaint.

113.     Redfin denies any and all allegations in Paragraph 113 of the Complaint.

114.     Redfin denies any and all allegations in Paragraph 114 of the Complaint.

**COUNT V: [ALLEGED] INFRINGEMENT OF THE '371 PATENT**

115.     Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

116.     Redfin admits that the '371 Patent purports to have 6 claims and denies any and all remaining allegations in Paragraph 116 of the Complaint.

117.     Redfin denies any and all allegations in Paragraph 117 of the Complaint.

118.     Redfin denies any and all allegations in Paragraph 118 of the Complaint.

119.     Redfin admits Plaintiff alleges it is only asserting method claims for the '371 Patent.  Redfin denies any and all remaining allegations in Paragraph 119 of the Complaint.

120.     Redfin denies any and all allegations in Paragraph 120 of the Complaint.

121.     Redfin denies any and all allegations in Paragraph 121 of the Complaint.

**COUNT VI: [ALLEGED] INFRINGEMENT OF THE '333 PATENT**

122.     Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

123.   Redfin admits that the '333 Patent purports to have 12 claims and denies any and all remaining allegations in Paragraph 123 of the Complaint.

124.   Redfin denies any and all allegations in Paragraph 124 of the Complaint.

125.   Redfin denies any and all allegations in Paragraph 125 of the Complaint.

126.   Redfin admits Plaintiff alleges it is only asserting method claims for the '333 Patent.  Redfin denies any and all remaining allegations in Paragraph 126 of the Complaint.

127.   Redfin denies any and all allegations in Paragraph 127 of the Complaint.

128.   Redfin denies any and all allegations in Paragraph 128 of the Complaint.

**COUNT VII: [ALLEGED] INFRINGEMENT OF THE '795 PATENT**

129.   Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

130.   Redfin admits that the '795 Patent purports to have 22 claims and denies any and all remaining allegations in Paragraph 130 of the Complaint.

131.   Redfin denies any and all allegations in Paragraph 131 of the Complaint.

132.   Redfin denies any and all allegations in Paragraph 132 of the Complaint.

133.   Redfin admits Plaintiff alleges it is only asserting method claims for the '795 Patent.  Redfin denies any and all remaining allegations in Paragraph 133 of the Complaint.

134.   Redfin denies any and all allegations in Paragraph 134 of the Complaint.

135.   Redfin denies any and all allegations in Paragraph 135 of the Complaint.

**COUNT VIII: [ALLEGED] INFRINGEMENT OF THE '199 PATENT**

136.   Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

137.   Redfin admits that the '199 Patent purports to have 22 claims and denies any and all remaining allegations in Paragraph 137 of the Complaint.

138.    Redfin denies any and all allegations in Paragraph 138 of the Complaint.

139.    Redfin denies any and all allegations in Paragraph 139 of the Complaint.

140.    Redfin admits Plaintiff alleges it is only asserting method claims for the '199 Patent.  Redfin denies any and all remaining allegations in Paragraph 140 of the Complaint.

141.    Redfin denies any and all allegations in Paragraph 141 of the Complaint.

142.    Redfin denies any and all allegations in Paragraph 142 of the Complaint

## PRAYER FOR RELIEF

143.    The Complaint's Prayer for Relief (D.E. 1 at 27–28) requires no response from Redfin, but to the extent one is required, Redfin denies that Plaintiff is entitled to any relief in this Action, including, but not limited to, any requested therein.

## DEMAND FOR JURY TRIAL

144.    The Complaint's Demand for Jury Trial requires no response from Redfin, but pursuant to Fed. R. Civ. P. 38, Redfin also respectfully demands a trial by jury on all issues so triable in this Action.

## GENERAL DENIAL

145.    Redfin denies each and every allegation in the Complaint, express or implied, to which Redfin has not specifically responded to or expressly admitted in its Answer, including any in the Complaint's headings.

## AFFIRMATIVE DEFENSES

146.    Redfin alleges and asserts the following defenses in response to the Complaint's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, Redfin specifically reserve all rights to allege additional defenses as allowed by applicable law, including those that become known through the course of discovery.

21

## FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM – PATENT-ELIGIBLE SUBJECT MATTER

147.   Plaintiff asserts in Counts I–VIII of this Action, respectively, the following "Patents-in-Suit," as defined in Complaint ¶ 50 (D.E. 1 ¶ 50): the '628, '550, '584, '317, '371, '333, '795, and '199 Patents.  Each and every Patent-in-Suit fails to claim patent-eligible subject matter under 35 U.S.C. § 101 because, *inter alia*, the Patents-in-Suit are: (a) all directed toward abstract ideas and fail to claim advances over the prior art that relate to patent-eligible subject matter, such as technical improvements; and (b) fail to claim any inventive concept sufficient to transform any purported invention into patent-eligible subject matter and instead, merely recite elements that—whether considered individually or as a whole—are generic, well-understood, routine, and/or conventional.  Plaintiff thus fails to state a claim with respect to Counts I–VIII.

## SECOND AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM – INDIRECT INFRINGEMENT

148.   To the extent Plaintiff asserts any claim for indirect infringement—whether contributorily, by inducement, and/or vicariously—Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff has failed to adequately allege, without limitation:

a.   Direct infringement by a third party of any Patents-in-Suit;

b.   Inducement by Redfin of infringement of any Patents-in-Suit through active steps;

c.   Redfin's knowledge of any Patents-in-Suit, third-party infringement thereof, and/or that any acts allegedly induced by Redfin would infringe any Patents-in-Suit;

d.   Redfin's intent to bring about infringement of any Patents-in-Suit; and/or

e.   Redfin's supplying of any component without substantial non-infringing uses vis-à-vis any Patents-in-Suit.

## THIRD AFFIRMATIVE DEFENSE: INVALIDITY

149.     On information and belief, one or more claims in each Patent-in-Suit (a "**Claim-at-Issue**")—to the extent any such claim is governed by law pre-dating the Leahy–Smith America Invents Act ("**AIA**"), Pub. L. No. 112–29, 125 Stat. 284 (2011)—is invalid, unenforceable, and/or void for failing to comply with applicable provisions of 35 U.S.C. §§ 101, 102, 103, & 112 for reasons that include, *inter alia*, that a Claim-at-Issue purports to cover an alleged invention that:

a.     Does not constitute patent-eligible subject matter, including, *inter alia*, for the reasons discussed in Paragraph 147, *supra*, of Redfin's Affirmative Defenses;

b.     Was, before its alleged invention date by the Named Inventors ("**Claimed Invention Date**"), already: (a) known or used by others in the U.S.; (b) patented or described in a printed publication anywhere; and/or (c) made in the U.S. by another who had not abandoned, suppressed, or concealed it;

c.     Was, more than one year before the filing date of the corresponding Patent-in-Suit's U.S. patent application: (a) patented or described in a printed publication anywhere; and/or (b) in public use or on sale in the U.S.

d.     Was already described in either: (a) another's published patent application that was filed in the U.S. before the Claimed Invention Date ("**Prior Art Application**"); and/or (b) a patent granted on another's Prior Art Application;

e.     Was not invented by the Named Inventors;

f.     Would have been, as of the Claimed Invention Date, obvious to a person of ordinary skill in the art to which the alleged invention pertains;

g.     Has an inadequate patent specification that: (a) lacks a written description of the alleged invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the relevant

art to make and use the alleged invention; (b) fails to set forth the best mode contemplated by the Named Inventors of carrying out the alleged invention; and/or

h.      Was not pointed out with particularity and distinctly claimed with regard to the subject matter the Named Inventors regarded as the alleged invention.

150.    Also, on information and belief, one or more Claims-at-Issue—to the extent any such claim is governed by the AIA—is invalid, unenforceable, and/or void for failing to comply with applicable provisions of 35 U.S.C. §§ 102 & 103, for reasons that include, *inter alia*, because a Claim-at-Issue purports to cover an alleged invention that was: (a) anywhere in the world before its effective filing date, already patented, described in a printed publication, in public use, on sale, and/or otherwise publicly available; and/or (b) already described in a U.S. patent and/or a U.S. or PCT-published patent application that names another and which has, vis-à-vis the alleged invention, an earlier effective filing date.

### FOURTH AFFIRMATIVE DEFENSE: UNENFORCEABILITY

151.    One or more of the Patents-in-Suit and/or claims therein are unenforceable under the doctrines of unclean hands, inequitable conduct, and/or other equitable doctrines.

### FIFTH AFFIRMATIVE DEFENSE: ESTOPPEL

152.    Plaintiff's legal claims are barred in whole or in part by the doctrine of estoppel. By way of example, and without limitation, Plaintiff is estopped under the doctrines of prosecution history estoppel and/or prosecution history disclaimer, due to amendments of the claims of the Patents-in-Suit and/or related patents and/or arguments presented to the patent examiner during examination of the applications that issued as the Patents-in-Suit and/or related patents, from: (a) asserting any construction of the claims of the Patents-in-Suit such that they would read on any product, system, or method of Redfin, and/or (b) extending the coverage of the claims of the

Patents-in-Suit under the doctrine of equivalents, such that they would read upon any product, system, or method of Redfin.

## SIXTH AFFIRMATIVE DEFENSE: NON-INFRINGEMENT

153.   Either literally or under the doctrine of equivalents, Redfin neither infringes nor has infringed in any manner—*e.g.*, directly, indirectly, contributorily, jointly, willfully, *etc.*—any valid or enforceable claim of any Patents-in-Suit through any of Redfin's products, services, and/or processes, including for reasons that include, *inter alia*: (a) the reasons discussed in Redfin's Affirmative Defenses above; and (b) because neither the alleged use of any of Redfin home-search software, nor the alleged advertising, promotion, instruction, and/or facilitation of use thereof on a third-party electronic device, meets every element of any valid and/or enforceable claim of any Patents-in-Suit as properly construed.

## SEVENTH AFFIRMATIVE DEFENSE: NO WILLFUL PATENT INFRINGEMENT

154.   Plaintiff is barred from obtaining a finding of willful patent infringement because, *inter alia*: (a) it cannot establish infringement, including for the reasons discussed in Redfin's Affirmative Defenses above; and (b) Redfin has not, directly or indirectly, deliberately and intentionally infringed any Patent-in-Suit with knowledge of any such patent.

## EIGHTH AFFIRMATIVE DEFENSE: STATUTORY LIMITATION OF DAMAGES – TIMING

155.   Plaintiff is barred under 35 U.S.C. § 286 from recovering for any of Redfin's alleged infringements occurring more than six years before Plaintiff's November 12, 2021 filing of its Complaint in the instant Action.

## NINTH AFFIRMATIVE DEFENSE: STATUTORY LIMITATION OF DAMAGES – PATENT MARKING

156.   Redfin is not liable to Plaintiff for any alleged infringement of any Patent-in-Suit performed before Redfin received actual notice of said alleged infringement to the extent Plaintiff

and/or any predecessors-in-interest to any Patents-in-Suit failed to, as required by 35 U.S.C. § 287: (a) properly mark any relevant commercial embodiment; and (b) otherwise give proper notice to Redfin that its actions allegedly infringe the Patents-in-Suit.

**TENTH AFFIRMATIVE DEFENSE: NO INJUNCTIVE RELIEF**

157.    Plaintiff's claims for injunctive relief are barred because it has an adequate remedy at law and/or because its alleged injury is neither immediate nor irreparable, such that equitable relief would be inappropriate for any determined infringement of any Patents-in-Suit.

**RESERVATION OF DEFENSES**

158.    Redfin specifically reserve the right to allege and assert any additional defenses that may be accorded to it under Rule 8(c), 35 U.S.C. §§ 1, *et seq.*, and/or  and any other defenses, at law or in equity that now exist or in the future and that may be available based on discovery and/or further factual investigation in this Action.

**COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF PATENTS-IN-SUIT**

1.    Defendant/Counterclaimant Redfin Corporation ("**Redfin**") brings the following Counterclaims in the above-styled action ("**Action**") against Plaintiff/Counterclaim-Defendant Smarter Agent, LLC ("**Plaintiff**") (collectively, the "**Parties**") for declaratory judgments of non-infringement and invalidity regarding each of the below-listed patents, which Plaintiff asserts against Redfin in, respectively, Counts I–VIII of the Complaint:

a.    U.S. Pat. No. 7,457,628 (the "**'628 Patent**");

b.    U.S. Pat. No. 8,442,550 (the "**'550 Patent**");

c.    U.S. Pat. No. 9,183,584 (the "**'584 Patent**");

d.    U.S. Pat. No. 9,754,317 (the "**'317 Patent**");

e.    U.S. Pat. No. 9,002,371 (the "**'371 Patent**");

f.     U.S. Pat. No. 9,754,333 (the "**'333 Patent**");

g.     U.S. Pat. No. 7,599,795 (the "**'795 Patent**"); and

h.     U.S. Pat. No. 8,473,199 (the "**'199 Patent**")

(collectively, the "**Patents-in-Suit**").

## PARTIES

2.     Counterclaimant Redfin Corporation is a Delaware corporation with its principal place of business in Seattle, WA.

3.     On information and belief, Counterclaim-Defendant Smarter Agent, LLC is a private company with its principal place of business in Collingswood, NJ.

## JURISDICTION AND VENUE

4.     Pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, & 2202, this Court has subject matter jurisdiction over Redfin's Counterclaims because: (a) the instant Counterclaims arise under 35 U.S.C. § 1, *et seq.*; and (b) as set forth in, *inter alia*, Plaintiff's Complaint (D.E. 1) and Redfin's instant Answer and Affirmative Defenses, *supra*, there are justiciable controversies between the Parties regarding the validity, enforceability, and infringement of each of the Patents-in-Suit, *i.e.*, of the '628, '550, '584, '317, '371, '333, '795, and '199 Patents.

5.     Plaintiff is subject to personal jurisdiction in this District because it has availed itself of this Court by filing the Action in this District.

6.     Pursuant to 28 U.S.C. § 1391, Redfin's Counterclaims, which seek declaratory judgment, are properly brought in the venue in which Plaintiff has filed its underlying Complaint for Patent Infringement (D.E. 1).  However, Redfin contests that venue in this District serves either the convenience of the parties and witnesses or the interests of justice within the meaning of 28 U.S.C. § 1404(a) and incorporates by reference Paragraph 10 of its Answer, *supra* to Complaint ¶ 10 (D.E. 1 ¶ 10) and thus reasserts and preserves its objections to venue.

**FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PAT. NO. 7,457,628**

7.        Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

8.        Redfin counterclaims against Plaintiff pursuant to U.S. Patent Law, 35 U.S.C. §§ 1, *et seq*. and the Declaratory Judgment Act ("**DJA**"), 28 U.S.C. §§ 2201 & 2202.

9.        In this Action, Plaintiff alleges that it owns, and that Redfin has been infringing one or more claims of, U.S. Pat. No. 7,457,628.  Plaintiff thus asserts in Count I of its Complaint a claim against Redfin for alleged infringement of the '628 Patent.

10.        Thus, as to the '628 Patent, an actual controversy exists between the Parties by virtue of, *inter alia*, the allegations in Plaintiff's Complaint and Redfin's instant Answer and Affirmative Defenses thereto.

11.        Redfin has not infringed any claim of the '628 Patent, including for the reasons discussed in Redfin's Affirmative Defenses.

12.        Redfin is entitled to a judicial declaration from the Court that Redfin neither infringes nor has infringed any valid and enforceable claim of the '628 Patent.

**SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 7,457,628**

13.        Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

14.        Redfin counterclaims against Plaintiff pursuant to U.S. Patent Law, 35 U.S.C. §§ 1, *et seq*. and the DJA, 28 U.S.C. §§ 2201 & 2202.

15.        In this Action, Plaintiff alleges that it owns, and that Redfin has been infringing one or more claims of, U.S. Pat. No. 7,457,628.  Plaintiff thus asserts in Count I of its Complaint a claim against Redfin for alleged infringement of the '628 Patent.

16.     Thus, as to the '628 Patent, an actual controversy exists between the Parties by virtue of, *inter alia*, the allegations in Plaintiff's Complaint and Redfin's instant Answer and Affirmative Defenses thereto.

17.     Each and every claim of the '628 Patent is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, & 112, including, without limitation, for the reasons discussed in Redfin's Affirmative Defenses.

18.     Redfin is entitled to a judicial declaration from the Court that one or more claims of the '628 Patent are invalid.

## THIRD COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PAT. NO. 8,442,550

19.     Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

20.     Redfin counterclaims against Plaintiff pursuant to U.S. Patent Law, 35 U.S.C. §§ 1, *et seq*. and DJA, 28 U.S.C. §§ 2201 & 2202.

21.     In this Action, Plaintiff alleges that it owns, and that Redfin has been infringing one or more claims of, U.S. Pat. No. 8,442,550.  Plaintiff thus asserts in Count II of its Complaint a claim against Redfin for alleged infringement of the '550 Patent.

22.     Thus, as to the '550 Patent, an actual controversy exists between the Parties by virtue of, *inter alia*, the allegations in Plaintiff's Complaint and Redfin's instant Answer and Affirmative Defenses thereto.

23.     Redfin has not infringed any claim of the '550 Patent, including for the reasons discussed in Redfin's Affirmative Defenses.

24.     Redfin is entitled to a judicial declaration from the Court that Redfin neither infringes nor has infringed any valid and enforceable claim of the '550 Patent.

**FOURTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 8,442,550**

25.      Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

26.      Redfin counterclaims against Plaintiff pursuant to U.S. Patent Law, 35 U.S.C. §§ 1, *et seq.* and the DJA, 28 U.S.C. §§ 2201 & 2202.

27.      In this Action, Plaintiff alleges that it owns, and that Redfin has been infringing one or more claims of, U.S. Pat. No. 8,442,550.  Plaintiff thus asserts in Count II of its Complaint a claim against Redfin for alleged infringement of the '550 Patent.

28.      Thus, as to the '550 Patent, an actual controversy exists between the Parties by virtue of, *inter alia*, the allegations in Plaintiff's Complaint and Redfin's instant Answer and Affirmative Defenses thereto.

29.      Each and every claim of the '550 Patent is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, & 112, including, without limitation, for the reasons discussed in Redfin's Affirmative Defenses.

30.      Redfin is entitled to a judicial declaration from the Court that one or more claims of the '550 Patent are invalid.

**FIFTH COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PAT. NO. 9,183,584**

31.      Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

32.      Redfin counterclaims against Plaintiff pursuant to U.S. Patent Law, 35 U.S.C. §§ 1, *et seq.* and DJA, 28 U.S.C. §§ 2201 & 2202.

33.     In this Action, Plaintiff alleges that it owns, and that Redfin has been infringing one or more claims of, U.S. Pat. No. 9,183,584.  Plaintiff thus asserts in Count III of its Complaint a claim against Redfin for alleged infringement of the '584 Patent.

34.     Thus, as to the '584 Patent, an actual controversy exists between the Parties by virtue of, *inter alia*, the allegations in Plaintiff's Complaint and Redfin's instant Answer and Affirmative Defenses thereto.

35.     Redfin has not infringed any claim of the '584 Patent, including for the reasons discussed in Redfin's Affirmative Defenses.

36.     Redfin is entitled to a judicial declaration from the Court that Redfin neither infringes nor has infringed any valid and enforceable claim of the '584 Patent.

**SIXTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 9,183,584**

37.     Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

38.     Redfin counterclaims against Plaintiff pursuant to U.S. Patent Law, 35 U.S.C. §§ 1, *et seq*. and the DJA, 28 U.S.C. §§ 2201 & 2202.

39.     In this Action, Plaintiff alleges that it owns, and that Redfin has been infringing one or more claims of, U.S. Pat. No. 9,183,584.  Plaintiff thus asserts in Count III of its Complaint a claim against Redfin for alleged infringement of the '584 Patent.

40.     Thus, as to the '584 Patent, an actual controversy exists between the Parties by virtue of, *inter alia*, the allegations in Plaintiff's Complaint and Redfin's instant Answer and Affirmative Defenses thereto.

41.     Each and every claim of the '584 Patent is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, & 112, including, without limitation, for the reasons discussed in Redfin's Affirmative Defenses.

42.     Redfin is entitled to a judicial declaration from the Court that one or more claims of the '584 Patent are invalid.

### SEVENTH COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PAT. NO. 9,754,317

43.     Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

44.     Redfin counterclaims against Plaintiff pursuant to U.S. Patent Law, 35 U.S.C. §§ 1, *et seq*. and DJA, 28 U.S.C. §§ 2201 & 2202.

45.     In this Action, Plaintiff alleges that it owns, and that Redfin has been infringing one or more claims of, U.S. Pat. No. 9,754,317.  Plaintiff thus asserts in Count IV of its Complaint a claim against Redfin for alleged infringement of the '317 Patent.

46.     Thus, as to the '317 Patent, an actual controversy exists between the Parties by virtue of, *inter alia*, the allegations in Plaintiff's Complaint and Redfin's instant Answer and Affirmative Defenses thereto.

47.     Redfin has not infringed any claim of the '317 Patent, including for the reasons discussed in Redfin's Affirmative Defenses.

48.     Redfin is entitled to a judicial declaration from the Court that Redfin neither infringes nor has infringed any valid and enforceable claim of the '317 Patent.

### EIGHTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 9,754,317

49.     Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

50.     Redfin counterclaims against Plaintiff pursuant to U.S. Patent Law, 35 U.S.C. §§ 1, *et seq*. and the DJA, 28 U.S.C. §§ 2201 & 2202.

51.     In this Action, Plaintiff alleges that it owns, and that Redfin has been infringing one or more claims of, U.S. Pat. No. 9,754,317.  Plaintiff thus asserts in Count IV of its Complaint a claim against Redfin for alleged infringement of the '317 Patent.

52.     Thus, as to the '317 Patent, an actual controversy exists between the Parties by virtue of, *inter alia*, the allegations in Plaintiff's Complaint and Redfin's instant Answer and Affirmative Defenses thereto.

53.     Each and every claim of the '317 Patent is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, & 112, including, without limitation, for the reasons discussed in Redfin's Affirmative Defenses.

54.     Redfin is entitled to a judicial declaration from the Court that one or more claims of the '317 Patent are invalid.

## NINTH COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PAT. NO. 9,002,371

55.     Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

56.     Redfin counterclaims against Plaintiff pursuant to U.S. Patent Law, 35 U.S.C. §§ 1, *et seq*. and DJA, 28 U.S.C. §§ 2201 & 2202.

57.     In this Action, Plaintiff alleges that it owns, and that Redfin has been infringing one or more claims of, U.S. Pat. No. 9,002,371.  Plaintiff thus asserts in Count V of its a claim against Redfin for alleged infringement of the '371 Patent.

58.     Thus, as to the '371 Patent, an actual controversy exists between the Parties by virtue of, *inter alia*, the allegations in Plaintiff's Complaint and Redfin's instant Answer and Affirmative Defenses thereto.

59.     Redfin has not infringed any claim of the '371 Patent, including for the reasons discussed in Redfin's Affirmative Defenses.

60.     Redfin is entitled to a judicial declaration from the Court that Redfin neither infringes nor has infringed any valid and enforceable claim of the '371 Patent.

## TENTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 9,002,371

61.     Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

62.     Redfin counterclaims against Plaintiff pursuant to U.S. Patent Law, 35 U.S.C. §§ 1, *et seq*. and the DJA, 28 U.S.C. §§ 2201 & 2202.

63.     In this Action, Plaintiff alleges that it owns, and that Redfin has been infringing one or more claims of, U.S. Pat. No. 9,002,371.  Plaintiff thus asserts in Count V of its Complaint a claim against Redfin for alleged infringement of the '371 Patent.

64.     Thus, as to the '371 Patent, an actual controversy exists between the Parties by virtue of, *inter alia*, the allegations in Plaintiff's Complaint and Redfin's instant Answer and Affirmative Defenses thereto.

65.     Each and every claim of the '371 Patent is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, & 112, including, without limitation, for the reasons discussed in Redfin's Affirmative Defenses.

66.     Redfin is entitled to a judicial declaration from the Court that one or more claims of the '371 Patent are invalid.

### ELEVENTH COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PAT. NO. 9,754,333

67.     Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

68.     Redfin counterclaims against Plaintiff pursuant to U.S. Patent Law, 35 U.S.C. §§ 1, *et seq.* and the DJA, 28 U.S.C. §§ 2201 & 2202.

69.     In this Action, Plaintiff alleges that it owns, and that Redfin has been infringing one or more claims of, U.S. Pat. No. 9,754,333.  Plaintiff thus asserts in Count VI of its Complaint a claim against Redfin for alleged infringement of the '333 Patent.

70.     Thus, as to the '333 Patent, an actual controversy exists between the Parties by virtue of, *inter alia*, the allegations in Plaintiff's Complaint and Redfin's instant Answer and Affirmative Defenses thereto.

71.     Redfin has not infringed any claim of the '333 Patent, including for the reasons discussed in Redfin's Affirmative Defenses.

72.     Redfin is entitled to a judicial declaration from the Court that Redfin neither infringes nor has infringed any valid and enforceable claim of the '333 Patent.

### TWELFTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 9,754,333

73.     Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

74.     Redfin counterclaims against Plaintiff pursuant to U.S. Patent Law, 35 U.S.C. §§ 1, *et seq.* and the DJA, 28 U.S.C. §§ 2201 & 2202.

75.     In this Action, Plaintiff alleges that it owns, and that Redfin has been infringing one or more claims of, U.S. Pat. No. 9,754,333.  Plaintiff thus asserts in Count VI of its Complaint a claim against Redfin for alleged infringement of the '333 Patent.

76.     Thus, as to the '333 Patent, an actual controversy exists between the Parties by virtue of, *inter alia*, the allegations in Plaintiff's Complaint and Redfin's instant Answer and Affirmative Defenses thereto.

77.     Each and every claim of the '333 Patent is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, & 112, including, without limitation, for the reasons discussed in Redfin's Affirmative Defenses.

78.     Redfin is entitled to a judicial declaration from the Court that one or more claims of the '333 Patent are invalid.

**THIRTEENTH COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PAT. NO. 7,599,795**

79.     Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

80.     Redfin counterclaims against Plaintiff pursuant to U.S. Patent Law, 35 U.S.C. §§ 1, *et seq*. and the DJA, 28 U.S.C. §§ 2201 & 2202.

81.     In this Action, Plaintiff alleges that it owns, and that Redfin has been infringing one or more claims of, U.S. Pat. No. 7,599,795.  Plaintiff thus asserts in Count VII of its Complaint a claim against Redfin alleged infringement of the '795 Patent.

82.     Thus, as to the '795 Patent, an actual controversy exists between the Parties by virtue of, *inter alia*, the allegations in Plaintiff's Complaint and Redfin's instant Answer and Affirmative Defenses thereto.

83.     Redfin has not infringed any claim of the '795 Patent, including for the reasons discussed in Redfin's Affirmative Defenses.

84.     Redfin is entitled to a judicial declaration from the Court that Redfin neither infringes nor has infringed any valid and enforceable claim of the '795 Patent.

**FOURTEENTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 7,599,795**

85.     Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

86.     Redfin counterclaims against Plaintiff pursuant to U.S. Patent Law, 35 U.S.C. §§ 1, *et seq.* and the DJA, 28 U.S.C. §§ 2201 & 2202.

87.     In this Action, Plaintiff alleges that it owns, and that Redfin has been infringing one or more claims of, U.S. Pat. No. 7,599,795.  Plaintiff thus asserts in Count VII of its Complaint a claim against Redfin for alleged infringement of the '795 Patent.

88.     Thus, as to the '795 Patent, an actual controversy exists between the Parties by virtue of, *inter alia*, the allegations in Plaintiff's Complaint and Redfin's instant Answer and Affirmative Defenses thereto.

89.     Each and every claim of the '795 Patent is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, & 112, including, without limitation, for the reasons discussed in Redfin's Affirmative Defenses.

90.     Redfin is entitled to a judicial declaration from the Court that one or more claims of the '795 Patent are invalid.

**FIFTEENTH COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PAT. NO. 8,473,199**

91.     Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

92.     Redfin counterclaims against Plaintiff pursuant to U.S. Patent Law, 35 U.S.C. §§ 1, *et seq.* and the DJA, 28 U.S.C. §§ 2201 & 2202.

93.     In this Action, Plaintiff alleges that it owns, and that Redfin has been infringing one or more claims of, U.S. Pat. No. 8,473,199.  Plaintiff thus asserts in Count VIII of its Complaint a claim against Redfin for alleged infringement of the '199 Patent.

94.     Thus, as to the '199 Patent, an actual controversy exists between the Parties by virtue of, *inter alia*, the allegations in Plaintiff's Complaint and Redfin's instant Answer and Affirmative Defenses thereto.

95.     Redfin has not infringed any claim of the '199 Patent, including for the reasons discussed in Redfin's Affirmative Defenses.

96.     Redfin is entitled to a judicial declaration from the Court that Redfin neither infringes nor has infringed any valid and enforceable claim of the '199 Patent.

**SIXTEENTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 8,473,199**

97.     Redfin realleges and incorporates by reference each and every allegation stated above in its Answer, Affirmative Defenses, and Counterclaims as if set forth fully herein.

98.     Redfin counterclaims against Plaintiff pursuant to U.S. Patent Law, 35 U.S.C. §§ 1, *et seq*. and the DJA, 28 U.S.C. §§ 2201 & 2202.

99.     In this Action, Plaintiff alleges that it owns, and that Redfin has been infringing one or more claims of, U.S. Pat. No. 8,473,199.  Plaintiff thus asserts in Count VIII of its Complaint a claim against Redfin for alleged infringement of the '199 Patent.

100.     Thus, as to the '199 Patent, an actual controversy exists between the Parties by virtue of, *inter alia*, the allegations in Plaintiff's Complaint and Redfin's instant Answer and Affirmative Defenses thereto.

101.    Each and every claim of the '199 Patent is invalid under one or more of 35 U.S.C. §§ 101, 102, 103, & 112, including, without limitation, for the reasons discussed in Redfin's Affirmative Defenses.

102.    Redfin is entitled to a judicial declaration from the Court that one or more claims of the '199 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant Redfin Corporation respectfully requests that the Court judgment in its favor and against Plaintiff/Counterclaim-Defendant Smarter Agent, LLC as follows:

A.      Declare that Redfin has not infringed, and is not now infringing, any valid, enforceable, asserted claim of any Patent-in-Suit, *i.e.*, of U.S. Pat. Nos. 7,457,628; 8,442,550; 9,183,584; 9,754,317; 9,002,371; 9,754,333; 7,599,795; and 8,473,199;

B.      Declare invalid under one or more of 35 U.S.C. §§ 101, 102, 103, & 112 all asserted claims of any Patent-in-Suit, *i.e.*, of U.S. Pat. Nos. 7,457,628; 8,442,550; 9,183,584; 9,754,317; 9,002,371; 9,754,333; 7,599,795; and 8,473,199;

C.      Judgment for Redfin against Plaintiff with respect to Counts I–VIII of the Complaint (D.E. 1) for alleged infringement of, respectively, U.S. Pat. Nos. 7,457,628; 8,442,550; 9,183,584; 9,754,317; 9,002,371; 9,754,333; 7,599,795; and 8,473,199;

D.      Hold that no royalties, attorneys' fees, costs, pre- or post-judgment interest, or any other compensation or damages are due or owed by Redfin to Plaintiff for any of the acts alleged in the Complaint (D.E. 1);

E.      Dismiss Plaintiff's Complaint (D.E. 1) with prejudice;

F.      Hold that Plaintiff take nothing by way of its Complaint (D.E. 1);

G.      Award Redfin its attorneys' fees incurred in this Action, based on a finding that pursuant to 35 U.S.C. § 285 and/or other applicable laws, Plaintiff's conduct in commencing and pursuing this Action renders this an exceptional case;

H.      Award Redfin its costs and expenses in this Action; and

I.      Award such other and further relief, in law and in equity, to Redfin as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38, Redfin respectfully demands a jury trial of all issues in this Action triable to a jury.

Dated:  February 22, 2022                    Respectively submitted,

                                             */s/ Benjamin J. Byer*
                                             Warren J. Rheaume (*pro have vice*)
                                             Benjamin J. Byer (*pro have vice*)
                                             Jennifer K. Chung (*pro have vice*)
                                             DAVIS WRIGHT TREMAINE LLP
                                             920 Fifth Ave., Ste. 3300
                                             Seattle, WA 98104
                                             Tel: (206) 622-3150/Fax: (206) 757-7700
                                             WarrenRheaume@dwt.com
                                             BenByer@dwt.com
                                             JenniferChung@dwt.com

                                             Heming Xu (*pro have vice*)
                                             DAVIS WRIGHT TREMAINE LLP
                                             865 S. Figueroa St., Ste. 2400
                                             Los Angeles, CA 90017
                                             Tel: (213) 633-6800 / Fax: (206) 633-6899
                                             HemingXu@dwt.com

                                             Darryl J. Adams (SBN 00796101)
                                             SLAYDEN GRUBERT BEARD PLLC
                                             401 Congress Ave., Suite 1650
                                             Austin, TX 78701
                                             Tel: (512) 402-3562 / Fax: (512) 402-6865
                                             dadams@sgbfirm.com

                                             ***Attorneys for Defendant Redfin Corporation***

40

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 22, 2022, a true and correct copy of Defendant's Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint for Patent Infringement was caused to be served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b)(1).


Dated:  February 22, 2022                    */s/ Benjamin J. Byer*
                                             Benjamin J. Byer