# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| SMARTER AGENT, LLC<br><br>          Plaintiff,<br><br>v.<br><br>REDFIN CORP.<br><br>          Defendant. | Civil Action No. 6:21-cv-01172-ADA<br><br>**JURY TRIAL DEMANDED** |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)

Before the Court is Defendant Redfin Corp.'s ("Redfin") Motion to Transfer Venue under 28 U.S.C. § 1404(a) to the Northern District of California ("NDCA"). ECF No. 25. Plaintiff Smarter Agent, LLC ("Smarter Agent") filed its Response (ECF No. 38), and Redfin filed its Reply (ECF No. 40). After careful consideration of the parties' briefs and the applicable law, the Court **GRANTS** Redfin's Motion to Transfer to the Northern District of California.

### I. FACTUAL BACKGROUND

Smarter Agent filed this lawsuit accusing Redfin of infringing on U.S. Patent Nos. 7,457,628; 7,599,795; 8,442,550; 8,473,199; 9,002,371; 9,183,584; 9,754,317; and 9,754,333 (collectively, the "Asserted Patents"). ECF No. 1 ¶¶ 12–50. These patents cover "systems and methods generally related to location-aware search engines and related storage technology." *Id.* ¶ 2. The inventions claimed in the Asserted Patents center on three technical components: (1) a portable device, (2) the ability to determine the device's location, and (3) a remote database that stores information. *Id.* ¶ 55. The inventions enable users to remotely query information specific to the device's location. *Id.* ¶ 55. Smarter Agent alleges Redfin infringes on the Asserted Patents "by at least using the 'Redfin Real Estate' home search app or other similar home search apps" and

"advertising, promoting, instructing, and facilitating the use of infringing devices and/or systems, such as a smartphone having the app installed thereon." *Id.* ¶ 52.

Redfin is a Delaware corporation that has corporate headquarters in Seattle, Washington and app development headquarters in San Francisco, California. ECF No. 24 ¶ 8; ECF No. 25 at 2. It also maintains a regular place of business in this District, including a brokerage office in San Antonio, Texas. ECF No. 24 ¶ 8. The Accused Apps, however, were created and developed in Redfin's San Francisco office. ECF No. 25 at 2.

Smarter Agent is a private company with a principal place of business in Collingswood, New Jersey. ECF No. 1 ¶ 7.

## II. LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

"The preliminary question under Section 1404(a) is whether a civil action 'might have been brought' in the transfer destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar.*

*Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy[,] expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Volkswagen II*, 545 F.3d at 315. The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 315. Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314–15. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

## III. DISCUSSION

The threshold determination in the Section 1404(a) analysis is whether this case could initially have been brought in the destination venue, the NDCA. "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Redfin asserts this case could have been brought in the NDCA because "Redfin has maintained a regular office and substantial presence in San Francisco since 2006, and the Accused Apps were created and developed in San Francisco." ECF No. 25 at 7. Smarter Agent does not contest this. The Court finds that venue would have been proper in the NDCA had Smarter Agent originally filed this case there. Thus, the Court proceeds with its analysis of the private and public interest factors to determine if the NDCA is clearly more convenient than the Western District of Texas ("WDTX").

### A. The Private Interest Factors

#### *i. The Relative Ease of Access to Sources of Proof*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv, Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 13, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1340 (Fed. Cir. 2009)).

The parties discuss several sources of proof in their briefs. The first is Redfin's documents. Redfin's corporate headquarters are in Seattle, but its app development headquarters are in San Francisco. ECF No. 25 at 2. Redfin claims that the Accused Apps were both developed and are presently maintained from the San Francisco office. *Id.* Redfin states "servers [it] uses to build and test the source code for the Accused Apps" are in San Francisco. *Id.* at 8. Redfin further avers other relevant documents are created and maintained in San Francisco and are "physically present or electronically accessible" there, whereas marketing and finance documents are created and maintained in Seattle. *Id*.

Smarter Agent accuses Redfin of "fudging" the location of some documents by stating they are either in San Francisco or electronically accessible from there. ECF No. 38 at 6. It further argues these documents are also electronically accessible from Texas. *Id*. However, both the Federal Circuit and the Fifth Circuit have emphasized that technological advancements in the ability to remotely access documents do not render this factor superfluous. *See In re Juniper Networks, Inc.*, 14 F.4th 1313, 1321 (Fed. Cir. 2021) (citing *Volkswagen II*, 545 F.3d at 316). The "location of document custodians and [the] location where documents are created and maintained" affect ease of retrieval and are therefore still relevant. *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021). Thus, since Redfin claims its relevant servers, documents, and custodians are in San Francisco or Seattle, these documents can be more easily accessed in the NDCA.

Next, the parties discuss Smarter Agent's documents. Smarter Agent states its documents are located in the Philadelphia area and argues they are not more easily accessible from San Francisco than from Waco. *See* ECF No. 38 at 6. The Court agrees. Redfin has shown it takes about six hours to travel from Philadelphia to either forum. *See* ECF No. 25 at 11; *In re Genentech,*

*Inc.*, 566 F.3d at 1346 (considering the burden of transporting documents to the different venues). The location of these documents is therefore neutral to the analysis.

The third source of proof discussed by the parties is a set of documents potentially possessed by one of Smarter Agent's former experts, Mr. John Moring. Redfin alleges "Mr. Moring is likely to have documents relevant to invalidity of the Patents-in-Suit and prior art where he resides in California." ECF. No. 25 at 8. Smarter Agent does not deny his possession of these documents. Rather, despite the quoted language above, Smarter Agent argues Redfin does not identify "any relevant information the expert may possess." ECF No. 38 at 6. It suggests Mr. Moring will not testify at trial, but his testimony is not at issue under this factor—documents are. *Id.* Since Smarter Agent does not dispute that these documents are in California, their location favors transfer.

The fourth source of proof discussed by the parties is a group of documents potentially in the possession of third parties Google Maps and Apple Maps. Redfin argues "Google Maps and Apple Maps are likely to have documents relevant to Smarter Agent's allegation that the Accused Apps use these mapping systems to satisfy various claim elements." ECF No. 25 at 8. It contends these documents are likely in the Google and Apple offices in Silicon Valley. *Id.* at 4, 8. To support this, Redfin states "[s]oftware engineers and product managers for the Google Maps Platform are primarily located in Mountain view, with some team members in Seattle." *Id.* at 4. It states "Google has testified that documents related to the development or operation of Google Maps Platform features are either physically present in or electronically accessible from its Mountain View office, and its Seattle employees can perform their work functions from Mountain View." *Id.* at 4. Then, Redfin notes that "software engineers and program managers for Apple Maps are located in Cupertino, where they also likely create and maintain relevant documents." *Id.* at 4. In response,

Smarter Agent asserts the Google and Apple employees are unlikely to have any relevant information. ECF No. 38 at 6. Smarter Agent argues its infringement claims are based on Redfin's technology and not the use of Google Maps or Apple Maps. *Id.* at 3–4. It minimizes the significance of Redfin's reference to an example of a claim element for which these documents are relevant but does not specify why this citation is insufficient. *Id.* at 4. Smarter Agent merely states the relevance of information in the possession of Google Maps and Apple Maps is speculative at this stage. *Id* at 4. Given the lack of support for this counterargument, the Court finds these documents favor transfer.

The fifth source of proof discussed by the parties is a set of documents potentially in possession of former Palm employees. While Palm no longer exists, Redfin asserts former Palm engineers in the San Francisco Bay area likely possess documents related to the prior art Palm VII device, which are relevant to the state of the art and the validity of the Asserted Patents. ECF No. 25 at 5, 7–8. Without support, Smarter Agent alleges these employees have no relevant information and notes that Palm no longer exists. ECF No. 38 at 6. Given Smarter Agent's lack of support, the Court finds the location of these documents favors transfer.

Lastly, Smarter Agent states "numerous additional third parties, including Smarter Agent's patent prosecuting attorneys, licensees, and past customers, are either located in Texas or in regions for which Texas is more convenient than San Francisco." *Id*. As Redfin notes in its Reply, Smarter Agent does not identify any specific documents or physical evidence in Texas. ECF No. 40 at 1. "[I]t is within the district court's discretion to reject vague and unsupported statements regarding the location of sources of proof." *In re Netflix, Inc.*, No. 2022-110, Dkt. 16 at 6 (Fed. Cir. Jan. 20, 2022) (citing *In re Apple Inc.*, 743 F.3d 1377, 1379 (Fed. Cir. 2014). Because Smarter Agent's

claims are unsupported, the Court holds that these documents and physical sources of proof are neutral.

Four of the six sources discussed above, including Defendant's documents, are closer to the NDCA. The remaining two are neutral. Accordingly, the Court finds this factor favors transfer.

### ii. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv, Inc.*, 2019 WL 4743678 at *5 (citing *Volkswagen II*, 545 F.3d at 316). A non-party witness is presumed to be unwilling if there is no indication of willingness. *In re Pandora Media, LLC*, No. 2021-172, 2021 WL 4772805, at *3 (Fed. Cir. Oct. 13, 2021). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014).

First, Redfin states "three former Redfin employees who developed the original version of the Accused Android App and specific Accused Features are still located in the San Francisco Bay area." ECF No. 25 at 9–10. These former employees reside within 100 miles of the federal courthouse in San Francisco and would be unlikely to incur substantial expense if forced to attend trial there. *Id.* at 10. Thus, they are subject to the compulsory process of the NDCA. Smarter Agent claims these employees are of "reduced relevance" because the development did not occur within

the damages period. ECF No. 38 at 7. But, as Redfin notes in its Reply, these employees have information relevant to willfulness. ECF No. 40 at 3.

Next, Redfin claims relevant witnesses affiliated with Google Maps, Apple Maps, and Palm are also located in the San Francisco Bay area. *See* ECF No. 25 at 10. Google Maps and Apple Maps are relevant because they are the third-party mapping systems that the Accused Products use. *Id.* at 4. Smarter Agent argues that the relevance of Google and Apple employees is too speculative at this point, and at best is only relevant to one claim element. ECF No. 38 at 3–4. Although its briefs do not identify any employees by name, Redfin buries these employees and their job descriptions in declarations attached to its brief. ECF No. 25-14. Because Redfin does not expound on the relevance on nine unidentified engineers, the Court will consider only Product Manager Yaron Fidler and Engineering Director Jeffrey Hightower as relevant material witnesses. *Id.* They both work in California. *Id.* Palm is relevant to invalidity because Smarter Agent purportedly invented the Accused Technology by implementing GPS in a Palm VII computer. *Id.* at 5. Redfin identifies two employees who worked on the Palm VII that would have testimony relevant to that technology. ECF No. 25 at 4. The employees of these third-party companies reside within 100 miles of the federal courthouse in San Francisco and would be unlikely to incur substantial expense if commanded to attend a trial there. *Id.* They are thus subject to the compulsory process of the NDCA. Smarter Agent responds by merely arguing they are irrelevant for the reasons discussed in Section III.A.i. *See id*. As noted above, Smarter Agent provides minimal support and thus fails to establish their irrelevance.

Third, Redfin states Smarter Agent's expert for the *inter partes* reexaminations, Mr. Moring, is in California and claims he is likely an unwilling relevant witness. Redfin presumes his unwillingness because Smarter Agent attached a declaration from another technical expert to the

9

Complaint, as opposed to attaching a declaration from Mr. Moring. ECF No. 25 at 10. Because he is a third party and there is no indication that he is willing to testify, the Court presumes he is unwilling. Mr. Moring's LinkedIn page indicates he is retired and lives in Encinitas, California. Smarter Agent offers the unsupported response that Mr. Moring has no relevant information. *See* ECF No. 38 at 6–7.

Finally, Smarter Agent identifies three third-party entities in Texas that employ potential witnesses, Keller Williams Realty, Inc., the Houston Association of Realtors, and RealPage, Inc. ECF No. 38 at 3. Smarter Agent claims these companies are licensees with relevant information concerning damages in this case. *Id*. at 7. It then suggests there are "several other third-party witnesses located closer to Waco than to San Francisco." *Id*. Redfin replies that "Smarter Agent fails to identify any relevant information still located in Texas or explain why these particular licensees are somehow more relevant than Smarter Agent's 'major customer' and two licensees in California." ECF No. 40 at 2. Redfin further notes Smarter Agent did not identify any specific potential witnesses at these companies. *Id*. Some potential witnesses affiliated with Keller Williams and RealPage may be subject to the Court's subpoena power because these companies have locations in Waco, but Smarter Agent provides no evidence that witnesses with relevant information work in these offices. Accordingly, the Court cannot accord these witnesses any weight.

In sum, Smarter Agent identifies no specific third-party witnesses subject to this Court's subpoena power. In contrast, Redfin points to at least eight third-party witnesses subject to the NDCA's subpoena power. Therefore, this factor favors transfer.

### *iii. The Cost of Attendance and Convenience for Willing Witnesses*

The most important factor in the transfer analysis is the convenience of the witnesses. *Id.* at 1343. When analyzing this factor, the Court should consider all potential material and relevant witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236, at *16 (E.D. Tex. Sept. 19, 2017). "When the distance between an existing venue for trial of a matter and a proposed venue under Section 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *Volkswagen II*, 545 F.3d at 317 (quoting *Volkswagen I*, 371 F.3d at 203). However, the Federal Circuit has stated that courts should not apply this rule "rigidly" where witnesses would be required to travel a significant distance regardless of where they testify. *In re Apple Inc.*, 979 F.3d at 1341 (discussing witnesses traveling from New York to Waco) (citing *Volkswagen II*, 545 F.3d at 317). "The rationale behind [the 100-mile rule] is that 'the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour.'" *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021) (quoting *Volkswagen I*, 371 F.3d at 205). In light of this purpose, "the inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *Id*. Under this rationale, time is a more important metric than distance. *Id*.

Redfin identifies at least five current employees in the San Francisco Bay area with relevant knowledge on the Accused Apps. *See* ECF No. 25 at 2–4, 10–11. These include team lead for the accused features Cameron Moss, the engineers on his team, the Vice President of Engineering

11

Jennifer Chao, an executive who worked on an accused feature, and a software engineering who worked on an accused feature. *Id.* at 2. Redfin identifies two additional employees with relevant knowledge in Seattle. *See id.* at 3, 11. Travelling from Seattle to San Francisco would clearly be more convenient and less expensive than travelling from Seattle to Waco. *Cf. InfoGation Corp. v. Google LLC*, No. 6:20-CV-00366-ADA, 2021 WL 5547070, at *4 (W.D. Tex. Apr. 29, 2021) ("[T]raveling from Seattle to San Diego will clearly be more convenient and less expensive than traveling from Seattle to Waco."). Furthermore, Redfin states its "Seattle witnesses could work from the San Francisco office when their presence is required at the courthouse, further minimizing the time they are removed from their regular work responsibilities." ECF No. 25 at 11. Smarter Agent responds by citing this Court to argue the convenience of these witnesses should be given little weight. *See* ECF No. 38 at 7. As Redfin notes, that approach is outdated, and this Court no longer follows it. *Corrino Holdings LLC v. Expedia, Inc.*, No. 6:20-CV-309-ADA, 2022 WL 1094621, at *4 (W.D. Tex. Apr. 12, 2022).

Smarter Agent argues transferring this case to the NDCA would not be more convenient for its witnesses outside of Texas. ECF No. 38 at 7. The two inventors and the additional founders and board members of Smarter Agent are all located in the Philadelphia area. *Id.* at 2–3. Smarter Agent argues this forum is more convenient for its Philadelphia witnesses because American Airlines has hubs in Philadelphia and Dallas-Fort Worth. *Id.* at 2–3. It further claims transferring the case would require its witnesses "to travel farther from Philadelphia than they would to appear in this forum." *Id.* at 8. But these assertions do not address Redfin's argument that travel from Philadelphia to San Francisco and travel from Philadelphia to Waco are equally convenient since both trips would take about six hours. *See* ECF No. 25 at 11; *see also In re Google LLC*, 2021 WL 4427899, at *4 ("[E]ven though the distance from the northeastern United States to California is

greater than the distance to Waco, Texas, the record before the district court does not show that the total travel time in each case is significantly different."). As noted above, the Federal Circuit has stated time away from an individual's home and workplace is a more important metric than distance. *Id.* Thus, the Philadelphia witnesses are neutral.

In sum, Redfin identifies at least five employees in the San Francisco Bay area and two more that can easily travel from Seattle and work in its San Francisco office. In contrast, Smarter Agent only identifies witnesses from the northeast. The cost and convenience for those witnesses to attend trial in either forum is roughly the same. Given the number of identified witnesses for whom trial in the NDCA would be more convenient, this factor favors transfer. *See id.* ("Our cases have emphasized that when there are numerous witnesses in the transferee venue and the only other witnesses are far outside the plaintiff's chosen forum, the witness-convenience factor favors transfer.").

### *iv. All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive*

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation . . . involving the same patent-in-suit, . . . pertaining to the same underlying technology and accusing similar services, . . . [the Federal Circuit] cannot say the trial court clearly abuse[s] its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 n.3 (Fed Cir. 2010).

Redfin concedes there are two other actions before the Court involving the Asserted Patents, but it emphasizes that these other cases involve different defendants and different accused products. ECF No. 25 at 12. It contends these differences minimize any judicial efficiencies gained from keeping the case in this forum, and it also notes that the two other cases are at different stages. ECF No. 40 at 4–5; ECF No. 25 at 12. Smarter Agent responds that the other two cases are similar to this one and points to the fact that "this Court has already resolved claim construction and § 101 disputes concerning the Smarter Agent Patents." ECF No. 38 at 8. As Smarter Agent argues, judicial efficiency would be promoted by keeping the case in this forum because it would allow the Court to draw on its familiarity with the Asserted Patents. *Id.* at 8–9.

The Court agrees with Smarter Agent. Although the co-pending cases involve different defendants and different accused products, the Court's familiarity with the Asserted Patents and the risk of duplicative lawsuits in different forums would make resolution of this case easier and more efficient in this Court. Accordingly, this factor weighs against transfer.

B. **The Public Interest Factors**

*i. Administrative Difficulties Flowing from Court Congestion*

This factor concerns whether there is an appreciable difference in docket congestion between the two forums. *See In re Juniper Networks, Inc.*, 14 F.4th at 1322. This factor considers the "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d at 1347. Court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

Redfin cites statistics showing the median time from filing to trial is 26.4 months in the NDCA and 23.9 months in the WDTX. ECF No. 25 at 14. Smarter Agent does not rebut these

14

statistics or provide any others in the alternative. A difference of two and a half months in median time-to-trial is negligible in light of the Federal Circuit's instruction that this factor is speculative.

It is important to address Redfin's unavailing argument that Smarter Agent is not in need of a quick disposition of this case. To support this contention, Redfin states the Asserted Patents have expired and "Smarter Agent's affiliate shut down the Smarter Agent app over a year ago." ECF No. 25 at 14. It argues these facts suggest Smarter Agent's market position is not in jeopardy. *See id*. This argument contravenes the Federal Circuit's longstanding position that "[r]ecognition must be given to the strong public policy favoring expeditious resolution of litigation." *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989).

For those reasons, the Court finds that this factor is neutral.

### *ii. Local Interest in Having Localized Interests Decided at Home*

Both parties agree that this factor favors transfer.

### *iii. Familiarity of the Forum with the Law That will Govern the Case*

Both parties agree that this factor is neutral.

### *iv. Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

Both parties agree that this factor is neutral.

## IV. CONCLUSION

The Court's conclusion for each of the private and public interest factors is summarized in the following table:

| Factor | The Court's Finding |
|---|---|
| Relative ease of access to sources of proof | Favors transfer |

| | |
|---|---|
| Availability of compulsory process to secure the attendance of witnesses | Favors transfer |
| Cost of attendance for willing witnesses | Favors transfer |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Disfavors transfer |
| Administrative difficulties flowing from court congestion | Neutral |
| Local interest | Favors transfer |
| Familiarity of the forum with law that will govern case | Neutral |
| Problems associated with conflict of law | Neutral |

Only one factor disfavors transfer to the NDCA. Four factors favor transfer, and three are neutral. The center of gravity in this case is the NDCA. Thus, Redfin has met its burden of showing that the NDCA is clearly more convenient than the WDTX.

**IT IS ORDERED** that Redfin's Motion to Transfer Venue to the Northern District of California is **GRANTED.**

SIGNED this 20th day of July, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE